UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NOLLY C. CAPARAS & AMY LAXA CAPARAS; | Case No:  C 11-3694 SBA |
| | **ORDER OF DISMISSAL** |
| Plaintiff, | |
| vs. | |
| WACHOVIA BANK, NATIONAL ASSOCIATION; CAL-WESTERN RECONVEYANCE CORPORATION; HSBC BANK, USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR WACHOVIA MORTGAGE LOAN TRUST, LLC SERIES 2006-A; AND DOES 1 THROUGH 100, INCLUSIVE, | |
| Defendants. | |

On April 13, 2011, Plaintiffs Nolly Casparas and Amy Casparas filed the instant action in San Mateo County Superior Court to challenge the impending foreclosure of their home.  On July 27, 2011, Defendant Wachovia Mortgage removed the action to this Court on the basis of diversity jurisdiction, and filed a motion to dismiss and motion to strike on August 3, 2011.  Dkt. 7, 8.  Because Plaintiffs failed to consent to the jurisdiction of a magistrate judge, the action was reassigned from Magistrate Judge Ryu to the undersigned. Dkt. 20.  The Clerk attempted to serve notice of the reassignment on Plaintiffs at the address listed on the pleadings, but the notices were returned by the Post Office as "undeliverable."  Dkt. 23-27.

Defendant's motions are calendared for hearing on December 13, 2011.  Under Civil Local Rule 7-3, an opposition to a motion is due two weeks after the motion is filed.  Since Defendant filed its motions on August 3, 2011, Plaintiffs' oppositions were due by August

17, 2011.  To date, however, no oppositions have been filed.  The failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules qualifies as grounds for dismissal under Federal Rule of Civil Procedure 41(b).  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  In exercising its discretion to dismiss an action under Rule 41(b), the district court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  Upon balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal.  Plaintiffs have failed to comply with the Court's scheduling orders and otherwise made no effort to prosecute this action.  Plaintiffs also have violated Civil Local Rule 3-11 by failing to provide a current mailing address to the Court, resulting in its Orders being returned as "undeliverable."  Such conduct undermines the Court's ability to move the case forward by entering a pretrial scheduling order or setting a trial date.  Such non-compliance inherently delays resolution of the case and insures to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").  The first two Ghazali factors strongly support dismissal.

The third factor, the risk of prejudice to the Defendant, is related to the strength of the Plaintiffs' excuse for the default.  See Yourish, 191 F.3d at 991.  Here, Plaintiffs have offered no "excuse" for their conduct nor is any apparent from the record.  Plaintiffs failed

to file an opposition to Defendant's pending motions, failed to advise the Court of their current address, and failed to meet and confer with Defendant and file a joint Case Management Statement.  Plaintiffs also have made no attempt to contact the Court.  In short, Plaintiffs simply have failed to provide any reason whatsoever for their failure to comply with the Court's Orders and none is apparent from the record.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.")

Finally, the Court has considered less drastic alternatives to dismissal.  The Court's Standing Orders warn that the failure to timely file a response to a motion will be construed as a consent to the relief requested in the motion.  Dkt. 22.  In addition, the Local Rules warn that the Court may dismiss an action where mail directed to a pro se party is returned and the party fails to notify the Court of his or her new address within sixty days.  Civ. L.R. 3-11(b).  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262.

Having balanced the relevant factors, the Court finds that dismissal under Rule 41(b) is warranted.  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  December 6, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1

2  UNITED STATES DISTRICT COURT
   FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

4  NOLLY C. CAPARAS et al,

5                Plaintiff,

6     v.

7  WACHOVIA BANK et al,

8                Defendant.
   _____/
9

10                                    Case Number: CV11-03694 SBA

11                                    **CERTIFICATE OF SERVICE**

12

13  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

14  That on December 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
15  said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.
16

17

18  Amy Laxa Caparas
    34 Nelson Court
19  Daly City,  CA 94015

20

21  Nolly C. Caparas
    34 Nelson Court
22  Daly City,  CA 94015

23  Dated: December 7, 2011

24                          Richard W. Wieking, Clerk

25                          By: LISA R CLARK, Deputy Clerk

26

27

28

                              - 4 -